DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:98-cr-0122 |
| IRVINE HODGE, Jr., | ) |
| Defendant. | ) |

## ORDER

**BEFORE THE COURT** is the motion of Irvin Hodge, Jr., for compassionate release. (ECF No. 48.) For the reasons stated below, the Court will deny the motion without prejudice.

On June 4, 1998, the United States filed an information charging Irvin Hodge, Jr., ("Hodge") with two federal counts and one local count: interference with commerce by threat or violence in violation of 18 U.S.C. §§ 1951–52 ("Count One"); possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1) ("Count Two"); and robbery in the first degree in violation of 14 V.I.C. § 1862(2) ("Count Three"). On September 16, 1998, a jury found Hodge guilty of all three counts. On March 10, 1999, Hodge was sentenced to 108 months imprisonment on Count One and 60 months imprisonment on Count Two, to be served consecutively. On the same date, Hodge was sentenced to 13 years imprisonment on Count Three, to be served concurrently with the sentences imposed on the federal counts of conviction.[1]

On May 11, 2020, Hodge filed a motion for compassionate release. (ECF No. 48.) In his motion, Hodge asserts that the COVID-19 pandemic presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

---

[1] In April of 2000, Hodge also pled guilty in a related case, Case Number 3:99-cr-0006, to one count in an indictment charging him with murder with a firearm in violation of 18 U.S.C. § 924(j)(1). Hodge was initially sentenced to life in imprisonment, to be served consecutively to the sentence imposed in Case Number 3:98-cr-0122. That sentence was vacated by the Third Circuit. On November 30, 2011, Hodge was resentenced to 405 months imprisonment, to be served consecutively to the sentence imposed in Case Number 3:98-cr-0122.

*United States v. Hodge*
Case No. 3:98-cr-0122
Order
Page 2 of 4

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Hodge asserts that he "has requested a compassionate release from the Warden at FCI Fort Dix and is waiting for a reply." *See* ECF No. 338 at 2. As an attachment to his motion, Hodge provided the Court with a letter he sent to the BOP, which was dated April 23, 2020. Significantly, that letter does not appear to request that the BOP move for compassionate release on Hodge's behalf pursuant to 18 U.S.C. 3582(c)(1)(A). Rather, the letter appears to be a request from Hodge to the BOP to exercise its own authority to release him to home confinement pursuant to 18 U.S.C. 3624(c)(2) and the Coronavirus Aid, Relief, and Economic

Security Act ("CARES Act"). Regardless, Hodge acknowledges that, when he filed his motion in this Court, "thirty days [had] not elapsed from [his] request" to the BOP.[2] *See id.*

Considering a similar failure to exhaust, the Sixth Circuit determined that dismissal without prejudice was the appropriate course of action. See *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). The Sixth Circuit explained:

> The Supreme Court has previously applied this remedy in cases where parties filed in court before waiting out a statutorily required non-adversarial window. *See, e.g.*, *Hallstrom v. Tillamook County*, 493 U.S. 20, 33 (1989). We have done the same in cases where parties failed to exhaust. *See, e.g.*, *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 642–43 (6th Cir. 2008); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). This approach comports with the general rule that we must strictly enforce statutory limits on the timing of a claim's filing. *See Carlisle v. United States*, 517 U.S. 416, 4333 (1996). And it makes plenty of sense on its own terms. If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions. Better to have [a defendant] refile with the benefit of whatever additional insight he may have gleaned.

*Id.* at 836; *see also Banks v. Roberts*, 251 F. App'x 774, 776 (3d Cir. 2007) (holding that exhaustion requirement in Prisoner Litigation Reform Act of 1995, which provides that "no action shall be brought . . . until such administrative remedies as are available are exhausted" may not be satisfied "by exhausting administrative remedies after initiating suit in federal court"). The Court agrees with the Sixth Circuit's conclusion. As such, the Court will deny Hodge' motion for compassionate release for Hodge's failure to satisfy Section 3582(c)(1)(A)'s exhaustion requirement .

Hodge's motion for compassionate release calls for one final comment by the Court. While Hodge's motion does not refer to 18 U.S.C. 3624(c)(2), Hodge's letter to the BOP, as noted above, appears to request that the BOP release him to home confinement pursuant to the BOP's own authority under that section. Title 18, Section 3624(c) of the United States Code ("Section 3624(c)") "describes the BOP's obligation to prepare prisoners for community re-entry." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 (3d Cir. 2005).

---

[2] Hodge asserts that requiring that he exhaust administrative remedies would be futile because "the BOP will not be able to respond to his request within [30 days]." *See* ECF No. 338 at 2. Hodge provides no factual basis to support this assertion.

*United States v. Hodge*
Case No. 3:98-cr-0122
Order
Page 4 of 4

Pursuant to 18 U.S.C. § 3624(c)(2), the BOP is authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Subject to certain findings, Section 12003(b)(2) of the CARES Act expanded the BOP's authority under Section 3624(c) by providing that

> the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020). A prisoner may challenge the execution of his sentence, including the BOP's application of 18 U.S.C. § 3624(c), in a habeas petition pursuant to 28 U.S.C. § 2241. *See Woodall*, 432 F.3d at 243. Nevertheless, a district court has jurisdiction to grant habeas relief pursuant to 28 U.S.C. § 2241 only if the institution in which the prisoner is confined is located within the court's physical jurisdiction. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Thus, to the extent Hodge may wish to challenge the BOP's application of Section 3624(c) to him in the future, he should file such a challenge in a court with appropriate jurisdiction.

The premises considered, it is hereby

**ORDERED** that Hodge's motion for compassionate release, ECF No. 48, is **DENIED** without prejudice.

**Dated:** July 22, 2020                                                      /s/ *Robert A. Molloy*
                                                                              **ROBERT A. MOLLOY**
                                                                              **District Judge**